**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GARRARD E. KINCAID,

        Petitioner,

v.                                             Case No. 07-CV-11414

BLAINE LAFLER,

        Respondent.

                                     /

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR BOND
PENDING DISPOSITION OF PETITION FOR WRIT OF HABEAS CORPUS
AND FOR APPOINTMENT OF COUNSEL**

Petitioner filed a *pro se* application for writ of habeas corpus with this Court on April 2, 2007, challenging the Michigan Parole Board's decision to extend his parole and to continue serving the maximum term of his sentence. Respondent filed a response on October 12, 2007. Currently before the Court are Petitioner's motions for bond pending disposition of his petition for writ of habeas corpus and the appointment of counsel, filed May 16, 2007, and May 31, 2007, respectively. For the reasons stated below, the court will deny the motions.

### I. BACKGROUND

On March 22, 2000, Petitioner was sentenced, as a third-degree habitual offender, to a term of imprisonment of one year eight months to eight years in the Genesee County, Michigan, Circuit Court, for the possession of a controlled substance. Petitioner is currently serving his sentence at the Mid-Michigan Correctional Facility in St. Louis, Michigan.

Petitioner completed the minimum portion of his sentence, and on July 25, 2001, the Michigan Parole Board exercised its authority and Petitioner was paroled for a term of twenty-four months, with a parole discharge date of July 25, 2003. However, in April 2003, Petitioner was cited for possessing a paging/cellphone device, which violated the Technical Rules. In lieu of a formal parole violation, Petitioner was ordered to enter the Parole Board's Technical Rules Violation Program, with the stipulation that if he successfully completed the program, the original violation charges would be waived and dismissed.

Four months later, on August 7, 2003, Petitioner was charged with another technical violation–assault and battery. A hearing was held and the violation was dismissed for lack of evidence. Petitioner was then released from detention and reinstated on parole. At that time, his parole was extended for an additional twelve months, resulting in a new parole discharge date of January 25, 2005.

Then, on October 19, 2004, Petitioner was arrested for the following alleged parole violations: (1) possession of a controlled substance, (2) possession of a firearm, (3) possession of open intoxicants and (4) driving under a suspended license. A formal hearing was held on March 28, 2005, at which time, Petitioner was ordered by the Parole Board to continue serving out his maximum term of his original eight-year sentence, imposed on March 22, 2000. Petitioner now requests that this court release him on personal recognizance bond.

## II. DISCUSSION

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional

circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F.2d at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, the court should not grant bail under other circumstances.

Although Petitioner may have a substantial claim of law, he has not demonstrated exceptional circumstances that justify release on bond. Petitioner has failed to show the existence of exceptional circumstances warranting release on bail where all that supports his claim for release on bond are his conclusory statements regarding the merits of his claim. *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994). The court will therefore deny Petitioner's motion for bond.

Petitioner has also filed a motion for the appointment of counsel. In support of his motion for appointment of counsel, Petitioner alleges that (1) he has no money or assets and (2) the appointment of counsel would serve the best interests of justice.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with

3

the assistance of counsel.  *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary.  *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

In the present case, Petitioner raises one claim for relief.  He has alleged a number of facts in support of his claims.  Petitioner therefore has the means and ability to present his claims to the court.  Furthermore, the court has not determined whether an evidentiary hearing is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).  Accordingly, the court will deny the motion for appointment of counsel without prejudice.

### III.  CONCLUSION

IT IS ORDERED that the motion for release on bond [Dkt. # 3] and for appointment of counsel [Dkt. # 4] are DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2008, by electronic and/or ordinary mail.

                                               S/Lisa Wagner

                                               Case Manager and Deputy Clerk
                                               (313) 234-5522