# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

GERRARD KINCAID,

      Petitioner,

v.                                                          Case Number: 07-CV-11414

BLAINE LAFLER,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Gerrard Kincaid, a state inmate, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner contends that his constitutional rights were violated when his parole-revocation hearing was held more than forty-five (45) days after he notified the Parole Board of his desire to have a contested hearing. For the reasons stated, Petitioner's application for writ of habeas corpus will be denied.

## I. BACKGROUND

In 1993, Petitioner was convicted of possession with intent to deliver cocaine under 50 grams, Mich. Comp. Laws § 333.74012(A)(4), possession of a firearm by a felon, Mich. Comp. Laws § 750.227(B)(A) and driving with a suspended license, Mich. Comp. Laws § 257.904(1). At that time, Petitioner was sentenced as a habitual offender, second, to four to forty years imprisonment for the drug conviction and the

mandatory two years imprisonment for the felony-firearm conviction. The driving with a suspended license conviction was dismissed. Subsequently, Petitioner was paroled in 1998 but was returned to prison as a technical rule violator ("TRV") in 1999.

Then, on March 24, 2000, Petitioner was again found guilty of possession of cocaine and sentenced as a habitual offender, third, to one to eight years imprisonment. He was paroled from that conviction on July 25, 2001, for a term of twenty-four months.

During that time, Petitioner attended out-patient and residential treatment programs. He completed a Community Recovery Services Treatment program on September 27, 2001, and again on November 18, 2002, as well as a STOP II program for substance abuse on June 6, 2002.

Then, on March 24, 2003, Petitioner was arrested for possession of marijuana. At that time, he was also in possession of cell phone, which was a violation of his parole. Petitioner waived his preliminary hearing on those charges and was found eligible for TRV placement. He was to be discharged from parole on July 25, 2003, upon satisfactorily completing all parole conditions and terms.

However, in August 2003, Petitioner was accused of assault and battery. On August 18, 2003, a preliminary parole-violation hearing was conducted to determine whether probable cause existed to conclude that Petitioner had violated the conditions of his parole by committing an assault and battery; it was determined that probable cause existed and Petitioner was ordered to return to prison pending a full parole-revocation hearing. Then, on September 8, 2003, Petitioner was arraigned on the alleged parole-violation charge (assault and battery), pleaded not guilty to the charge,

and formally requested a parole-revocation hearing.

On September 17, 2003, all parole-violation charges were subsequently dismissed for lack of evidence and Petitioner was reinstated to the terms of his original parole. Following Petitioner's release from prison and reinstatement of parole, he was assigned a new parole agent, who extended Petitioner's parole term an additional twelve (12) months, resulting in a new parole-discharge date of January 25, 2005.

Then, on June 15, 2004, Petitioner tested positive for cocaine and marijuana, at which time he was given a verbal warning. Subsequently, on October 19, 2004, Petitioner was stopped by the Flint police for a traffic violation; he was arrested at that time for having open intoxicants in the car. Additionally, a search of the car revealed a loaded 9 millimeter handgun underneath the driver's seat.

Following a preliminary parole-violation hearing, the court determined that Petitioner had violated the conditions of his parole and he was returned to prison to await the results of a full parole-revocation hearing. A careful review of the record reveals that Petitioner was notified on October 22, 2004, of the parole-violation charges against him by the Michigan Department of Corrections and voluntarily waived his right to a preliminary parole-violation hearing.

On November 24, 2004, at Petitioner's arraignment, where he pleaded guilty to the above-stated charges, Petitioner waived his rights to a parole-violation hearing and requested an adjournment of those proceedings. Then, on December 7, 2004, Petitioner made a request to proceed with the parole-revocation hearing but subsequently changed his mind and requested that he remain on adjournment status.

At a conference held on March 11, 2005, where Petitioner and his counsel were

3

present, the administrative law examiner scheduled a formal parole-revocation hearing *sua sponte*, which occurred on March 28, 2005.

On April 8, 2005, the Parole Board issued its decision, finding Petitioner guilty of violating his parole and extending his term of parole for an additional sixty (60) months.

Following that decision, Petitioner then filed for a writ of habeas corpus in the Gratiot County circuit court, arguing that he was illegally detained because his parole-violation hearing was more than forty-five (45) days after he notified the Parole Board of his desire to have a contested hearing. The trial court denied the writ, finding that the state procedures did not violate Petitioner's right to due process. *Kincaid v. Lafler*, No. 05-9550-AP (Gratiot County Circuit Court, March 14, 2006). The trial court summarized the facts as follows:

> The substance of [P]etitioner's argument is that he is illegally detained because the hearing resulting in his parole violation occurred more than forty-five (45) days after he notified the parole board of his desire to have a contested hearing.
>
> The Michigan Supreme Court has held that failure of the parole board to conduct the hearing within the forty-five (45) day period does not warrant the issuance of a writ of habeas corpus. *Jones v Department of Correction*, 468 Mich 646 (2003). Rather, the Supreme Court held that the appropriate remedy for failure to conduct a timely hearing under MCL 791.204a(1) is a complaint for an order of mandamus to compel the board to conduct the hearing.
>
> To the extent that Mr. Kincaid alleges errors in the conduct of the hearing or support for the hearing officer's decision, he is seeking appellate review unavailable to him pursuant to MCL 24.304(1).
>
> Moreover, even absent any question about the timeliness of the request for judicial review of the

4

administrative decision, this Court's review of the
administrative record establishes that Petitioner is not
entitled to the relief he seeks.

*Id.*

Petitioner subsequently filed an appeal from that decision with the Michigan Court of Appeals, raising the following claims:

> I. Respondents extended Petitioner's parole without just cause or effect where Petitioner successfully completed the Technical Rile Violations Center (TRV).
>
> II. Respondents extended Petitioner's parole without just cause or effect where Petitioner was reinstated to parole status from the Jackson Correctional Facility without having a fact finding hearing pursuant to State statute.
>
> III. Expiration of Petitioner's extended parole term expiring while incarcerated on alleged parole violation accusations only.

The Michigan Court of Appeals denied Petitioner's appeal. *Kincaid v. Dep't of Corr.*, No. 269360 (Mich. Ct. App. Aug. 29, 2006). Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court, which was denied on November 29, 2006. *Kincaid v. Dep't of Corr.*, 477 Mich. 950, 723 N.W.2d 874 (Mich. 2006).

Petitioner filed his petition for writ of habeas corpus with this court on March 7, 2007, raising the following claim:

> Petitioner was depriv[ed] of a State created liberty interest in violation of the Fourteenth Amendment (14th) to the Federal constitution, where the Michigan State Board of Paroles [sic] unlawfully extended his original term of parole without a showing of cause explicitly required by statutory mandate, and, this deprived him of the right to parole discharge.

5

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this court's habeas corpus review of state-court decisions and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. DISCUSSION

In *Morrissey v. Brewer*, 408 U.S. 471(1972), the United States Supreme Court held that the requirements of due process apply to the revocation of an individual's parole. The Supreme Court held that a parolee is entitled to two hearings. First, due process requires holding a 'preliminary hearing' to determine whether there is probable cause or reasonable grounds to believe that the parolee has committed acts that would constitute a violation of parole conditions. *Id.* at 485 (citations omitted). This preliminary hearing should occur "as promptly as convenient after arrest." *Id.* Second, a parolee is entitled to a revocation hearing prior to the final decision on revocation by the parole authority. *Id.* at 487-88. This revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." *Id.* at 488. Additionally, in *Morrissey*, the Supreme Court suggested that a "lapse of two months [between the time when a suspected parole is taken into custody on the parole violation warrant and the final revocation hearing is held] would not appear to be unreasonable." *Id.* To determine whether a delay is unreasonable, the court must consider: (1) the length of the delay; (2) the reasons for the delay; (3) the alleged violator's attempts to assert the right to a timely hearing; and (4) prejudice to the alleged violator. *See Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir. 1982), (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

In the present case, the record reveals that Petitioner was notified on October 22, 2004, of the parole-violation charges against him by the Michigan Department of Corrections and voluntarily waived his right to a preliminary parole-violation hearing. During his November 24, 2004 arraignment, where he pleaded guilty to the above-stated charges, Petitioner waived his rights to a parole-violation hearing and requested

7

an adjournment. Then, on December 7, 2004, Petitioner made a request to proceed with the parole-revocation hearing but subsequently changed his mind and requested that he remain on adjournment status. At a conference held on March 11, 2005, where both Petitioner and his counsel were present, the administrative law examiner scheduled a formal parole-revocation hearing for March 28, 2005. On April 5, 2005, the Parole Board issued its decision and notified Petitioner that his parole would be extended for sixty months.

Against that backdrop, this court finds that the Parole Board's decision was supported by the record – Petitioner's criminal behavior, lack of correctional adjustment and personal history provided more than adequate grounds for extending his term of parole. Furthermore, the court finds that the Parole Board did not delay in scheduling formal parole-revocation hearing for Petitioner.

Here, the delay was a result of Petitioner's request for an adjournment. Furthermore, Petitioner fails to show how he was prejudiced. Petitioner has not shown that any delay beyond the forty-five days provided in the Michigan statute prevented any potential witness from testifying or prevented the introduction of any exculpatory or mitigating evidence. Nor has Petitioner shown that holding the hearing earlier would have changed the outcome of the hearing.

Rather, Petitioner simply argues that his federal constitutional rights have been violated, thus entitling him to habeas relief. Petitioner is mistaken. The delay Petitioner has alleged is at most a state-law error. As stated, there is no indication that this delay prejudiced Petitioner in any way or rises to the level of a constitutional violation. Federal habeas relief is not available for correction of state-law errors. *Estelle v.*

*McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); s*ee also Pulley v. Harris*, 465 U.S. 37, 41 (1984) and *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir.) (concluding that violation of state law is not cognizable in federal habeas corpus proceedings). A violation of state law is only cognizable in federal habeas corpus where the error rises to the level of a denial of fundamental fairness. *Matlock v. Rose*, 731 F.2d 1236, 1242 (6th Cir. 1984).

The court therefore finds that Petitioner is not entitled to habeas relief on this claim. The trial court's analysis of this case is not contrary to, or an unreasonable application of, Supreme Court precedent.

### IV. COA AND IFP

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

9

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted in this case. The court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V. CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability or leave to proceed on appeal *in forma pauperis*.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: August 28, 2008

I hereby certify that a copy of the foregoing document was mailed to Gerrard Kincaid and counsel of record on this date, August 28, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522